IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRANDON MANLOVE, Individually and as Plaintiff ad Litem, 15828 State Road T DeSoto, MO 63020 | |
| Plaintiff, | |
| v. | No. |
| UNITED STATES OF AMERICA, | |
| Serve: | |
| William P. Barr, Attorney General of the United States 5111 Main Justice Building 10th St. & Constitution Ave., NW Washington, DC  20530 | |
| Jeffrey B. Jensen, United States Attorney U.S. Attorney's Office Eastern District of Missouri 111 South Tenth Street, 20th Floor St. Louis, MO  63102 | FEDERAL TORT CLAIMS ACT |
| Defendant. | |

## **COMPLAINT**

COMES NOW Plaintiff Brandon Manlove, by and through his attorneys of record, and for his Complaint against defendant United States of America alleges:

1.      Plaintiff Brandon Manlove is the surviving son of the late Charles Manlove (hereinafter "decedent").

2.      Plaintiff is now and was at all times herein-mentioned a citizen of the United States and resident of the State of Missouri.

- 1 -

109/170267

**Jurisdiction and Venue**

3.      Decedent received medical care and treatment at Jefferson Barracks St. Louis Veterans Administration Medical Center (hereinafter "VA Hospital") located in St. Louis, Missouri within the Eastern District of Missouri, Eastern Division.

4.      This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. § 2671 et seq. for damages.

5.      Plaintiff alleges that agents, servants, and employees of the VA Hospital, while acting in the scope and course of their employment for the United States Government, negligently treated decedent, causing personal injury and damages and ultimately his death, as more fully set forth below.

6.      On October 2, 2018, plaintiff filed a Federal Tort Claim within two years after the claim occurred pursuant to 28 U.S.C. § 2401 (b).

7.      On August 21, 2019, the Department of Veterans Affairs formally denied plaintiff's Administrative claim, and this suit is filed within six months of that denial pursuant to 28 U.S.C. § 2401 (b).

8.      Jurisdiction of this Court is founded upon the provisions of 28 U.S.C.A. § 1346 (b) and 28 U.S.C.A. §2671 et seq.

9.      Venue is proper in the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 1402 (b) in the cause of action accrued in this judicial district.

**General Allegations**

10.     Prior to February 17, 2010, defendant accepted decedent as a patient for the purpose of providing medical care and treatment to him, including treatment related to skin cancer.

11.     Defendant continued to provide care and treatment to decedent related to skin

- 2 -

cancer through the time of his death on April 6, 2017.

12.     On or about March 19, 2010, decedent underwent surgery by defendant for the excision of melanoma on his right ear lobule.

13.     Decedent returned to defendant's facility on or about March 29, 2010, for a post-operative visit with Dr. Eric W. Wang who informed decedent he was negative for residual melanoma.

14.     Decedent returned to defendant's facility on August 21, 2015 to have lesions on his neck examined by Dr. Jamie Mull.   The lesions were biopsied showing squamous cell carcinoma.

15.     Decedent returned to defendant's facility on October 2, 2015 to have a lesion on his forehead examined by Dr. Kathleen M. Nemer.  The lesion was biopsied showing atypical squamous proliferation with instructions to follow-up in three months.

16.     On or about May 24, 2016 Dr. Hans-Joachim Reimers ordered a PET/CT tumor whole body imaging to assess for disease progress due to the development of new lymphadenopathy which found melanoma throughout decedent's body.

17.     On or about October 24, 2016, decedent and his wife met with physicians at defendant's facility and were advised that defendant's employed physicians, agents, servants and employees discovered decedent's current cancers were preventable; and, the surgeon who performed the skin cancer removal on his right ear did not excise adequate margin of tissue around the cancer which allowed for his subsequent cancers.

18.     As a direct result of defendant's negligence and carelessness, as more fully set forth hereinafter, decedent suffered extensive bodily injury, pain and mental anguish prior to his death, and as a further direct result thereof, he died on or about April 6, 2017.

19.     At all times herein-mentioned, defendant United States of America, was acting by

- 3 -

and through its agents, servants, and employees, which agents, servants and employees were acting in the scope and course of their employment with the Department of Veterans Affairs and/or the Department of Health and Human Services, both federal agencies as defined in 28 U.S.C. § 2671.

20.     The acts and omissions of the Department of Veterans Affairs and/or the Department of Health and Human Services were those of its agents, servants, and employees who were acting in the scope and course of their agency, service and employment for defendant.

## Count I–Wrongful Death

21.     Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 20.

22.     The injuries and death of decedent, and resulting damages suffered by plaintiff and the other members of the wrongful death class, as set forth herein, were the direct and proximate result of the negligence and carelessness of defendant in the following respects, to-wit:

a.     Defendant negligently and carelessly failed to remove all of the melanoma from decedent's right ear lobe on March 19, 2010;

b.     Defendant negligently and carelessly failed to discover in a timely fashion that it had not removed all of the melanoma during the March 19, 2010 surgery;

c.     Defendant negligently and carelessly failed to appropriately provide follow-up examinations, care and treatment to decedent for his melanoma following his surgery on March 19, 2010; and

d.     Other negligent and careless acts that discovery and other evidence will reveal.

- 4 -

23.     As a direct result of the death of decedent as aforesaid, plaintiff and those others entitled to recover herein have forever lost the services, society, companionship, consortium, love, and support of decedent.

24.     As a direct result of defendant's negligence, decedent suffered pain, anguish, and endured additional medical treatment prior to his death.

WHEREFORE, for Count I of this cause of action, plaintiff prays judgment against defendant in a fair and reasonable sum in excess of the jurisdictional amount of this Court and for his costs herein expended.

<u>**Count II–Loss of Chance**</u>

25.     Plaintiff ad Litem realleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 20.

26.     Plaintiff is or will be appointed Plaintiff ad Litem and is authorized to bring this cause of action under Mo. Rev. Stat. § 537.021 (Supp. 1993).

27.     As a direct result of the negligence and carelessness of defendant, as set forth herein, decedent lost a substantial chance of recovery, and as such, plaintiff is entitled to damages for said loss under Mo. Rev. Stat. §537.020 (1986).

28.     Decedent's lost chance of recovery and resulting damages were the direct and proximate result of the negligence and carelessness of defendant in the following respects, to-wit:

a.     Defendant negligently and carelessly failed to remove all of the melanoma from decedent's right ear lobe on March 19, 2010;

b.     Defendant negligently and carelessly failed to discover in a timely fashion that it had not removed all of the melanoma during the March 19, 2010 surgery;

- 5 -

109/170267

      c.      Defendant negligently and carelessly failed to appropriately provide follow-up examinations, care and treatment to decedent for his melanoma following his surgery on March 19, 2010; and

      d.      Other negligent and careless acts that discovery and other evidence will reveal.

WHEREFORE, for Count II of his cause of action, Plaintiff ad Litem Brandon Manlove prays judgment against defendant in a fair and reasonable sum in excess of the jurisdictional amount of this Court and for his costs herein expended.

Respectfully submitted,

Date: February 6, 2020

**/s/ Thomas K. Neill**
Thomas K. Neill        #51959MO
GRAY, RITTER & GRAHAM, P.C.
Attorneys for Plaintiffs
701 Market Street, Suite 800
St. Louis, MO  63101-1826
(314) 241-5620; fax: (314) 241-4140
tneill@grgpc.com

- 6 -