UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON MANLOVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20CV217RWS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Karin A. Schute, Assistant United States Attorney for said District, and for its Answer to Plaintiff's Complaint (Doc. 1) states as follows:

1. Defendant does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Defendant does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

**Jurisdiction and Venue**

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's Complaint regarding jurisdiction as they constitute the legal

1

conclusions of Plaintiff. To the extent that further response is required, Defendant admits that Plaintiff purports to bring this lawsuit pursuant to the Federal Tort Claims Act.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff filed his Standard Form 95, Claim for Damage, Injury, or Death on or about October 2, 2018. Defendant neither admits nor denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that the Department of Veterans Affairs ("VA") formally denied Plaintiff's administrative claim on or about August 21, 2019 and that Plaintiff filed this lawsuit within six months of the denial. Defendant neither admits nor denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8 of Plaintiff's Complaint regarding jurisdiction as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant neither admits nor denies the allegations contained in Paragraph 9 of Plaintiff's Complaint regarding venue as they constitute the legal

conclusions of Plaintiff. To the extent that further response is deemed necessary, admits that venue is proper in this division and District.

## General Allegations

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that the VA medical records reflect that decedent presented to the VA on or about March 29, 2010 for a post-operative visit and that a microscopic examination of slides S10-1699-A, B, and C revealed excision of skin with scar formation without any residual melanoma. Defendant does not have knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Defendant admits that the VA medical records reflect that decedent presented to the VA on or about August 21, 2015 to have lesions on his neck examined by Dr. Jamie Mull. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that the VA medical records reflect that decedent presented to the VA on or about October 2, 2015 and that Dr. Kathleen M. Nemer diagnosed atypical squamous proliferation, performed an Electrodessication and

3

Curettage, and instructed decedent to follow-up in three months. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that the VA medical records reflect that Dr. Hans-Joachim Reimers ordered a PET/CT scan, which was conducted on or about May 24, 2016. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that the VA medical records reflect that decedent and his wife met with physicians at the VA Medical Center-Jefferson Barracks Division on or about October 24, 2016 and that VA employees informed them that the decedent's current cancers may have been preventable; and that the surgeon that performed the skin cancer removal on his right ear did not excise an adequate margin of tissue around the cancer and this may have allowed for his subsequent cancer(s). Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant neither admits nor denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant neither admits nor denies the allegations contained in Paragraph 20 of Plaintiff's Complaint as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**Count I-Wrongful Death**

21.     Defendant hereby restates and incorporates by reference its answers to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint, including subparts a through d.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

WHEREFORE, Defendant having fully answered the allegations contained in Count I of Plaintiff's Complaint, requests that the Court dismiss Count I with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

**Count II-Loss of Chance**

25.     Defendant hereby restates and incorporates by reference its answers to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

26.     Defendant does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies same.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint, including subparts a through d.

WHEREFORE, Defendant having fully answered the allegations contained in Count II of Plaintiff's Complaint, requests that the Court dismiss Count II with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in his prayers for relief on Pages 5 and 6 of the Complaint.

## DEFENDANT'S ADDITIONAL ANSWERS AND AFFIRMATIVE DEFENSES

1. All allegations of Plaintiff's Complaint not expressly admitted above are hereby denied.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. For further answer, and as an affirmative defense, Plaintiff is not entitled to recovery of prejudgment interest of any potential award of damages.  28 U.S.C. § 2674.

4. For further answer, and as an affirmative defense, Defendant states that to the extent that Missouri or federal common or statutory law governing this action limits, caps, or bars Plaintiff's causes of action, damages, and/or recoveries, such law applies in this case.

5. For further answer, and as an affirmative defense, Defendant states that any injury or damages sustained by Plaintiff which was proximately caused or contributed to by the negligent conduct of Plaintiff or others would constitute comparative fault that would diminish, limit, or extinguish the liability of Defendant.

6. For further answer, and as an affirmative defense, Defendant states that if Defendant is found liable to Plaintiff, which Defendant specifically denies, Defendant is entitled to have the award against it abated, reduced, or eliminated by the total amount paid to Plaintiff from any government source.

7. For further answer, and as an affirmative defense, Defendant states that it, through its agents, servants, and employees, acted with due care and diligence at all times rendering medical care and treatment to Plaintiff, according to generally accepted standards of care.

8. For further answer, and as an affirmative defense, Defendant states that Defendant is not liable for the acts of independent contractors or employees acting outside their scope of employment.

9. For further answer, and as an affirmative defense, Defendant states that a trial by jury is not available in a claim against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2402.

10. For further answer, and as an affirmative defense, Defendant states that Plaintiff's recoverable attorney's fees, if any, are payable only from his recovery, if any, from the United States and cannot exceed twenty-five per cent (25%) of any judicial judgment or settlement. 28 U.S.C. § 2678.

11. For further answer, and as an affirmative defense, Defendant states that to the extent that Defendant is found liable for any damages to Plaintiff, Defendant is entitled to an offset or credit for any past and future benefits provided or to be provided or paid or to be paid to Plaintiff by the United States and/or any of its agencies as a result of the injury alleged in the Complaint, and is further entitled to an offset of any other

benefits received by Plaintiff not excluded from consideration by the collateral source rule as a result of same.

12. For further answer, and as an affirmative defense, Defendant states that Defendant cannot be held liable for any alleged harm to Plaintiff unless Plaintiff has first exhausted his administrative remedies and that any recovery by Plaintiff is limited to the amount claimed in his administrative claim.  28 U.S.C. § 2675(b).

13. For further answer, and as an affirmative defense, Defendant states that if employees of Defendant were negligent, which is specifically denied, their negligence was not the proximate cause of Plaintiff's alleged injuries or damages.

14. For further answer, and as an affirmative defense, Defendant states that sovereign immunity bars any award of punitive or exemplary damages or damages enhanced on the basis of aggravating circumstances or conduct, or that otherwise exceeds an amount that would compensate Plaintiff for actual losses.  28 U.S.C. § 2674.

15. For further answer, and as an affirmative defense, Defendant states that the Federal Tort Claims Act's two-year statute of limitations bars Plaintiff's claims.

16. For further answer, and as an affirmative defense, Defendant states that it has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery.  Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded costs and fees incurred herein, and that Defendant be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Karin A. Schute*
KARIN A. SCHUTE #62019MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-6850
Fax: (314) 539-2287
karin.schute@usdoj.gov

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that on April 10, 2020, a copy of the foregoing document was filed electronically with the Clerk of the Court and was served by means of the Court's Notice of Electronic Filing on the following:

Mr. Thomas Neill
701 Market Street
Suite 800
St. Louis, MO 63101
tneill@grgpc.com

*Counsel for Plaintiff*

 */s/ Karin A. Schute*
KARIN A. SCHUTE

9